Received
AUG 2 5 15
SOP TRC

Filed
9/4/2015 2:09:19 PM
Esther Degollado
District Clerk
Webb District
Linda Torres
2015CVF002650D2

CAUSE NO. _____

| | | |
|---|---|---|
| CIRIA HALE,<br>   Plaintiff, | § § § § | IN THE DISTRICT COURT |
| vs. | § § | WEBB COUNTY, TEXAS |
| SCOTTSDALE INSURANCE<br>COMPANY,<br>   Defendant. | § § § | ___ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Ciria Hale (hereinafter "Plaintiff"), and complains of Scottsdale Insurance Company (hereinafter "Scottsdale Insurance Co."). In support of her claims and causes of action, Plaintiff would respectfully show the Court as follows:

### DISCOVERY LEVEL

1.      Plaintiff intends for discovery to be conducted at Level 1, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law. Inarguably, the amount in controversy exceeds the minimum jurisdictional limits of this Court. Venue is also proper, as all or a substantial part of the events giving rise to this suit occurred within the city of Laredo, in Webb County, Texas.

### PARTIES

3.      Plaintiff is an individual whose residence is located in Laredo, Webb County, Texas.

---



4.      Defendant Scottsdale is a foreign corporation, duly registered with the Texas Department of Insurance to do business in Texas, which may be served with process by serving this Original Petition and a copy of the citation on any principal officer of the company at its business address, 8877 North Gainey Center Drive, Scottsdale, Arizona 85258, or wherever it may be found.

## BACKGROUND

5.      This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiff's Property, which is located at 2301 N. Arkansas Ave., (the "Property").   In addition to seeking economic and penalty based damages from Scottsdale Insurance Co., Plaintiff also seeks compensation from Scottsdale Insurance Co. for damages caused by improperly investigating the extensive losses associated with this case.

6.      Plaintiff owns the Property.

7.      Prior to the occurrence in question, Plaintiff purchased a residential insurance policy from Scottsdale Insurance Co. to cover the Property at issue in this case for a loss due to storm-related events.  Plaintiff's Property suffered storm-related damage. Through her residential policy, DFS1119488, Plaintiff was objectively insured for the subject loss by Defendant.

8.      On or around May 9, 2014, the Property suffered incredible damage due to storm related conditions.

9.      In the aftermath, Plaintiff relied on Scottsdale Insurance Co. to help begin the rebuilding process.  By and through her residential policy, Plaintiff was objectively insured for the subject losses in this matter.

10.    Pursuant to her obligation as a policyholder, Plaintiff made complete payment of all residential insurance premiums in a timely fashion.   Moreover, her residential policy covered Plaintiff during the time period in question.

11.    Despite Plaintiff's efforts, Scottsdale Insurance Co. continually failed and refused to pay Plaintiff in accordance with its promises under the Policy.

12.    Moreover, Scottsdale Insurance Co. has failed to make any reasonable attempt to settle Plaintiff's claims in a fair manner, although its liability to the Plaintiff under the policy is without dispute.

13.    In the months following, Plaintiff provided information to Scottsdale Insurance Co., as well as provided opportunities for Scottsdale Insurance Co. to inspect the Property. However, Scottsdale Insurance Co. failed to conduct a fair investigation into the damage to the Property.   Moreover, Scottsdale Insurance Co. failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Plaintiff's claims.

14.    Despite Scottsdale Insurance Co.'s improprieties, Plaintiff continued to provide information regarding the losses and the related claim to Scottsdale Insurance Co..   Further, Plaintiff made inquiries regarding the status of the losses, and payments.   Regardless, Scottsdale Insurance Co. failed and refused to respond to the inquiries, and failed to properly adjust the claim and the losses.   As a result, to this date, Plaintiff has not received proper payment for her claim, even though notification was provided.

15.    Scottsdale Insurance Co. has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property.   Scottsdale Insurance Co. has

furthermore failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made. Scottsdale Insurance Co. did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

16.     Scottsdale Insurance Co. has further failed to affirm or deny coverage within a reasonable time.  Plaintiff also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Scottsdale Insurance Co. in a timely manner.

17.     Scottsdale Insurance Co. has, to date, refused to fully compensate Plaintiff under the terms of the policy for which Plaintiff paid, even though it was Scottsdale Insurance Co. that failed to conduct a reasonable investigation.  Ultimately, Scottsdale Insurance Co. performed a result-oriented investigation of Plaintiff's claim that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

18.     Scottsdale Insurance Co. has failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

19.     As a result of the above issues, Plaintiff did not receive the coverage for which she had originally contracted with Scottsdale Insurance Co..   Unfortunately, Plaintiff has, therefore, been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

20.     In addition, Scottsdale Insurance Co. has failed to place adequate and proper coverage for Plaintiff causing Plaintiff to suffer further damages.  As indicated below, Plaintiff seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## CONDITIONS PRECEDENT

21.    All conditions precedent to recovery by Plaintiff has been met or has occurred.

## AGENCY

22.    All acts by Scottsdale Insurance Co. were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Scottsdale Insurance Co. and/or were completed in its normal and routine course and scope of employment with Scottsdale Insurance Co..

## CLAIMS AGAINST DEFENDANT

23.    Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

### A.
### NEGLIGENCE

24.    Scottsdale Insurance Co. had and owed a legal duty to Plaintiff to properly adjust the structural and property damage and other insurance losses associated with the Property. Scottsdale Insurance Co. breached this duty in a number of ways, including but not limited to the following:

      a.    Scottsdale Insurance Co. was to exercise due care in adjusting and paying policy proceeds regarding Plaintiff's Property loss;

      b.    Scottsdale Insurance Co. had a duty to competently and completely handle and pay all damages associated with Plaintiff's Property; and/or

      c.    Scottsdale Insurance Co. failed to properly complete all adjusting activities associated with Plaintiff.

25.    Scottsdale Insurance Co.'s acts, omissions, and/or breaches did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

### B.

## BREACH OF CONTRACT

26.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

27.     According to the policy that Plaintiff purchased, Scottsdale Insurance Co. had the absolute duty to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for the claims made due to the extensive storm-related damages.

28.     As a result of the storm-related event, Plaintiff suffered extreme external and internal damages.

29.     Despite objective evidence of such damages, Scottsdale Insurance Co. has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses. As a result of this breach, Plaintiff has suffered actual and consequential damages.

### C.
### VIOLATIONS OF TEXAS DECEPTIVE TRADE PRACTICES ACT AND TIE-IN-STATUTES

30.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

31.     Scottsdale Insurance Co.'s collective actions constitute violations of the DTPA, including but not limited to, Sections 17.46(b) (12), (14), (20), (24), and Section 17.50(a) (4) of the Texas Business & Commerce Code.  Scottsdale Insurance Co. collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

a.     Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

b.   Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction;

c.   Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed;

d.   Using or employing an act or practice in violation of the Texas Insurance Code;

e.   Unreasonably delaying the investigation, adjustment and resolution of Plaintiff's claim;

f.   Failure to properly investigate Plaintiff's claim; and/or

g.   Hiring and relying upon a biased engineer and/or adjuster to obtain a favorable, result-oriented report to assist Scottsdale Insurance Co. in low-balling and/or denying Plaintiff's damage claim.

32.   As described in this Original Petition, Scottsdale Insurance Co. represented to Plaintiff that her insurance policy and Scottsdale Insurance Co.'s adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA.

33.   As described in this Original Petition, Scottsdale Insurance Co. represented to Plaintiff that its insurance policy and Scottsdale Insurance Co.'s adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of Section 17.46 (b)(7) of the DTPA.

34.   By representing that Scottsdale Insurance Co. would pay the entire amount needed by Plaintiff to repair the damages caused by the storm-related event and then not doing so, Scottsdale Insurance Co. has violated Sections 17.46 (b)(5), (7) and (12) of the DTPA.

35.     Scottsdale Insurance Co. has breached an express warranty that the damage caused by the storm-related event would be covered under the subject insurance policies. This breach entitles Plaintiff to recover under Sections 17.46 (b) (12) and (20) and 17.50 (a) (2) of the DTPA.

36.     Scottsdale Insurance Co.'s actions, as described herein, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.   Scottsdale Insurance Co.'s unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA.

37.     Scottsdale Insurance Co.'s conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance in violation of Section 17.50 (a) (4) of the DTPA.

38.     Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, or deceptive acts or practices made by Scottsdale Insurance Co. to her detriment.  As a direct and proximate result of Scottsdale Insurance Co.'s collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues.  All of the above-described acts, omissions, and failures of Scottsdale Insurance Co. are a producing cause of Plaintiff's damages that are described in this Original Petition.

39.     Because Scottsdale Insurance Co.'s collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for Scottsdale Insurance Co. having knowingly committed its conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an

amount not to exceed three times the amount of mental anguish and actual damages due to Scottsdale Insurance Co. having intentionally committed such conduct.

40.     As a result of Scottsdale Insurance Co.'s unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on her behalf.  Accordingly, Plaintiff also seeks to recover her costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiff may show herself to be justly entitled at law and in equity.

## D.
## VIOLATIONS OF TEXAS INSURANCE CODE

41.     Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

42.     Scottsdale Insurance Co.'s actions constitute violations of the Texas Insurance Code, including but not limited to, Article 21.21 Sections 4(10) (a) (ii), (iv), and (viii) (codified as Section 541.060), Article 21.21 Section 11(e) (codified as Section 541.061), and Article 21.55 Section 3(f) (codified as Section 542.058).  Specifically, Scottsdale Insurance Co. engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

   a.    Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

   b.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

   c.    Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

    d.      Forcing Plaintiff to file suit to recover amounts due under the policy by refusing to pay all benefits due;

    e.      Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code; and/or

    f.      Failing to pay a valid claim after receiving all reasonably requested and required items from the claimant.

43.     Plaintiff is the insured or beneficiary of a claim which was apparently valid as a result of the unauthorized acts of Scottsdale Insurance Co., and Plaintiff relied upon these unfair or deceptive acts or practices by Scottsdale Insurance Co. to her detriment. Accordingly, Scottsdale Insurance Co. became the insurer of Plaintiff.

44.     As a direct and proximate result of Scottsdale Insurance Co.'s acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which she now sues.

45.     Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Scottsdale Insurance Co.'s actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for Scottsdale Insurance Co. having knowingly committed such conduct. Additionally, Plaintiff is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Scottsdale Insurance Co. having intentionally committed such conduct.

46.     As a result of Scottsdale Insurance Co.'s unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on her behalf. Accordingly, Plaintiff also seeks to recover her costs and

reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Article 21.21 Section 16(b) (1) (codified as Section 541.152) of the Texas Insurance Code and any other such damages to which Plaintiff may show herself justly entitled by law and in equity.

### E.
### BREACH OF THE COMMON-LAW DUTY
### OF GOOD FAITH AND FAIR DEALING

47.   Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

48.   By its acts, omissions, failures and conduct, Scottsdale Insurance Co. has breached its common law duty of good faith and fair dealing by denying Plaintiff's claims or inadequately adjusting and making an offer on Plaintiff's claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

49.   Scottsdale Insurance Co. has also breached this duty by unreasonably delaying payment of Plaintiff's entire claims and by failing to settle Plaintiff's claims, as Scottsdale Insurance Co. knew or should have known that it was reasonably clear that Plaintiff's storm-related claims were covered.   These acts, omissions, failures, and conduct by Scottsdale Insurance Co. is a proximate cause of Plaintiff's damages.

### F.
### BREACH OF FIDUCIARY DUTY

50.   Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

51.     Scottsdale Insurance Co. had a fiduciary relationship, or in the alternative, a relationship of trust and confidence with Plaintiff. As a result, Scottsdale Insurance Co. owed a duty of good faith and fair dealing to Plaintiff. Scottsdale Insurance Co. breached that fiduciary in that:

a.      The transaction was not fair and equitable to Plaintiff;

b.      Scottsdale Insurance Co. did not make reasonable use of the confidence that Plaintiff placed upon it;

c.      Scottsdale Insurance Co. did not act in the utmost good faith and did not exercise the most scrupulous honesty toward Plaintiff;

d.      Scottsdale Insurance Co. did not place the interests of Plaintiff before its own, and Scottsdale Insurance Co. used the advantage of its position to gain a benefit for itself, at Plaintiff's expense;

e.      Scottsdale Insurance Co. placed itself in a position where its self-interest might conflict with its obligations as a fiduciary; and/or

f.      Scottsdale Insurance Co. did not fully and fairly disclose all important information to Plaintiff concerning the sale of the policy.

52.     Scottsdale Insurance Co. is liable for Plaintiff's damages for breach of fiduciary duty, as such damages were objectively caused by Scottsdale Insurance Co.'s conduct.

## G.
## UNFAIR INSURANCE PRACTICES

53.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

54.     Plaintiff has satisfied all conditions precedent to bringing these causes of action. By its acts, omissions, failures, and conduct, Scottsdale Insurance Co. has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code.

55.     Such violations include, without limitation, all the conduct described in this Original Petition, plus Scottsdale Insurance Co.'s failure to properly investigate Plaintiff's claim. Plaintiff also includes Scottsdale Insurance Co.'s unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claims and Scottsdale Insurance Co.'s failure to pay for the proper repair of Plaintiff's Property, as to which Scottsdale Insurance Co.'s liability had become reasonably clear.

56.     Additional violations include Scottsdale Insurance Co.'s hiring of and reliance upon biased adjusters and/or engineers to obtain favorable, result-oriented reports to assist it in low-balling and denying Plaintiff's storm-related damage and related claims. Plaintiff further includes Scottsdale Insurance Co.'s failure to look for coverage and give Plaintiff the benefit of the doubt, as well as Scottsdale Insurance Co.'s misrepresentations of coverage under the subject insurance policy. Specifically, Scottsdale Insurance Co. is also guilty of the following unfair insurance practices:

a.     Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

b.     Engaging in unfair claims settlement practices;

c.     Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

d.     Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claims as to which Scottsdale Insurance Co.'s liability had become reasonably clear;

e.     Failing to affirm or deny coverage of Plaintiff's claims within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff;

f.     Refusing to pay Plaintiff's claims without conducting a reasonable investigation with respect to the claims; and/or

       g.     Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

57.    Scottsdale Insurance Co. has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Scottsdale Insurance Co.'s conduct as described herein has resulted in Plaintiff's damages that are described in this Original Petition.

## H.
## MISREPRESENTATION

58.    Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

59.    Scottsdale Insurance Co. is liable to Plaintiff under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Essentially, Scottsdale Insurance Co. did not inform Plaintiff of certain exclusions in the policy. Misrepresentations were made with the intention that they should be relied upon and acted upon by Plaintiff who relied on the misrepresentations to her detriment. As a result, Plaintiff has suffered damages, including but not limited to loss of the Property, loss of use of the Property, mental anguish and attorney's fees. Scottsdale Insurance Co. is liable for these actual consequential and penalty-based damages.

## I.
## COMMON-LAW FRAUD BY NEGLIGENT MISREPRESENTATION

60.    Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

61.    Plaintiff would show that Scottsdale Insurance Co. perpetrated fraud by misrepresentation (either intentionally or negligently) by falsely representing a fact of materiality to Plaintiff, who relied upon such representations that ultimately resulted in her injuries and

damages.   Alternatively, Scottsdale Insurance Co. fraudulently concealed material facts from Plaintiff, the result of which caused damage to Plaintiff as a result of the storm-related damages.

62.     Specifically, and as a proximate cause and result of this fraudulent concealment, fraud and negligent misrepresentation, all of which was perpetrated without the knowledge or consent of Plaintiff,  Plaintiff has sustained damages far in excess of the minimum jurisdictional limits of this Court.

63.     By reason of Plaintiff's reliance on Scottsdale Insurance Co. fraudulent representations, negligent misrepresentations and/or fraudulent concealment of material facts as described in this complaint, Plaintiff has suffered actual damages for which he now sues.

64.     Plaintiff further alleges that because Scottsdale Insurance Co. knew that the misrepresentations made to Plaintiff were false at the time they were made, such misrepresentations are fraudulent, negligent or grossly negligent on the part of Scottsdale Insurance Co., and constitute conduct for which the law allows the imposition of exemplary damages.

65.     In this regard, Plaintiff will show that she has incurred significant litigation expenses, including attorneys' fees, in the investigation and prosecution of this action.

66.     Accordingly, Plaintiff requests that penalty damages be awarded against Scottsdale Insurance Co. in a sum in excess of the minimum jurisdictional limits of this Court.

## WAIVER AND ESTOPPEL

67.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

68.     Scottsdale Insurance Co. has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

**DAMAGES**

69.     Scottsdale Insurance Co.'s acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

70.     More specifically, Plaintiff seeks monetary relief of no more than $74,500 *(see attached Exhibit A)*, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

**ADDITIONAL DAMAGES & PENALTIES**

71.     Scottsdale Insurance Co.'s conduct was committed knowingly and intentionally. Accordingly, Scottsdale Insurance Co. is liable for additional damages under the DTPA, section 17.50(b) (1), as well as all operative provisions of the Texas Insurance Code. Plaintiff is, thus, clearly entitled to the 18% damages allowed by the Texas Insurance Code.

**ATTORNEY FEES**

72.     In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and sections 38.001-.005 of the Civil Practice and Remedies Code.

**JURY DEMAND**

73.     Plaintiff demands a jury trial and tenders the appropriate fee with this Original Petition.

**REQUEST FOR DISCLOSURE**

74.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that Scottsdale Insurance Co. disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

## REQUEST FOR PRODUCTION

75.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Requests for Production.

1.     Please produce Scottsdale Insurance Co.'s complete claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claim that is the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

2.     Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

3.     Please produce certified copy of the insurance policy pertaining to the claim involved in this suit.

4.     Please produce the electronic diary, including the electronic and paper notes made by Scottsdale Insurance Co.'s claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claims.

5.     Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Property, which is the subject of this suit.

6.     Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiffs' underlying claim.

7.     Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the subject Property.

8.     Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim(s).

9.     Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Scottsdale Insurance Co. intend to offer these items into evidence at trial.

## INTERROGATORIES

76.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following

Interrogatories.

1.     Please identify any person Scottsdale Insurance Co. expect to call to testify at the time of trial.

2.     Please identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from damage relating to the underlying event, claim or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

3.     If Scottsdale Insurance Co. or Scottsdale Insurance Co.'s representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Scottsdale Insurance Co. or any of Scottsdale Insurance Co.'s representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4.     Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Scottsdale Insurance Co.'s investigation.

5.     Please state the following concerning notice of claim and timing of payment:

      a.     The date and manner in which Scottsdale Insurance Co. received notice of the claim;

      b.     The date and manner in which Scottsdale Insurance Co. acknowledged receipt of the claim;

      c.     The date and manner in which Scottsdale Insurance Co. commenced investigation of the claim;

      d.     The date and manner in which Scottsdale Insurance Co. requested
      from   the claimant all items, statements, and forms that [Defendant short name] reasonably believed, at the time, would be required from the claimant; and

      e.     The date and manner in which Scottsdale Insurance Co. notified the claimant in writing of the acceptance or rejection of the claim.

6.     Please identify by date, amount and reason, the insurance proceed payments made by Defendant, or on Defendant's behalf, to the Plaintiff.

7.     Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for rejecting/denying the claim.

8.     When was the date Scottsdale Insurance Co. anticipated litigation?

9.     Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Scottsdale Insurance Co.'s document retention policy.

10.    Does Scottsdale Insurance Co. contend that the insured premises was damaged by storm-related events and/or any excluded peril? If so, state the general factual basis for this contention.

11.    Does Scottsdale Insurance Co. contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

12.    Does Scottsdale Insurance Co. contend that the Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way?  If so, state the general factual basis for this contention.

13.    How is the performance of the adjuster(s) involved in handling Plaintiff's claim evaluated? State the following:

     a.     what performance measures are used; and
     b.     describe Scottsdale Insurance Co.'s bonus or incentive plan for adjusters.

## CONCLUSION

77.    Plaintiff prays that judgment be entered against Scottsdale Insurance Company, and that Plaintiff be awarded all of her actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays she be awarded all such relief to which she is due as a result of the acts of Scottsdale Insurance Company, and for all such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

THE VOSS LAW FIRM, P.C.

Bill L. Voss
Texas Bar No. 24047043
Scott G. Hunziker
State Bar No. 24032446
Bryan Beverly
State Bar No. 24082688
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile: (713) 861-0021

**ATTORNEYS FOR PLAINTIFF**



Received

AUG 25 15

SOP TRC

**MONICA Z. NOTZON**
JUDGE, 111TH DISTRICT COURT
1110 VICTORIA SUITE #301 3RD FLOOR
LAREDO, TEXAS 78040
OFFICE (956)523-4230
FAX (956)523-5088

ABEL SOLIZ
CIVIL COURT COORDINATOR
(956)523-4226

FERNANDO RAMOS
BAILIFF
(956)523-4227

August 6, 2015

CAUSE NO.:  2015CVF002650 D2

STYLE:  CIRIA HALE

VS

SCOTTSDALE INSURANCE COMPANY

## NOTICE OF CALENDAR CALL

Please take notice that this case is set for Calendar Call on ___11/30/2015___ at 11:00 AM at the 111th District Court, 3rd Floor, Webb County Justice Center.

All Calendar Call hearings will be in open Court and on the record before the Honorable Judge Monica Z. Notzon.  Your presence is **MANDATORY** unless Counsel for Plaintiff(s) and Defendant(s) have in place a pre-trial guideline order with both Counsel and Judge's signatures prior to calendar call date.  This guideline order should have all appropriate dates including pre-trial, jury selection and all deadlines.

Counsel for Plaintiff(s) please note that if you do not appear for calendar call your case may be dismissed for lack of prosecution.

Counsel for Defendant(s) please note that if you do not appear for calendar call, a pre-trial guideline order may be entered with or without your approval and/or signature.

If there are any questions regarding this matter please feel free to call our office at any time.

Abel Soliz
Civil Court Coordinator
111th District Court

DC: